IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNFEE | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv204 |
| KENNETH MAGIDSON, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Barry Dwayne Minnfee, an inmate confined in the McConnell Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff's is confined at the McConnell Unit and some of his claims arose

at the McConnell Unit located in Beeville, Texas. Beeville is located in Bee County, Texas. Further, the defendants are employed in both the Northern District and Southern District of Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Bee County is in the Corpus Christi Division of the Southern District of Texas. The lead defendant, as well as other defendants, are located in Houston and Huntsville, both located in the Southern District, Houston Division. However, some of the defendants are located at the McConnell Unit and the remainder are located in the Northern and Western Districts of Texas. As all of the defendants are located in either the Southern District, Northern District, or Western District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). After due consideration, this case should be transferred to the Southern District of Texas, Corpus Christi Division where plaintiff and several of the defendants are located. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this 30 day of May, 2014.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

2